IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 19-cv-01484-CMA

PAUL R. CRAWFORD,

    Plaintiff,

v.

ANDREW SAUL, Commissioner of Social Security,

    Defendant.

## ORDER REVERSING DENIAL OF SOCIAL SECURITY BENEFITS

This matter is before the Court on review of the Social Security Commissioner's decision denying Plaintiff Paul Crawford's application for social security benefits. Jurisdiction is proper under 42 U.S.C. § 405(g). For the following reasons, the Court reverses the decision of the Commissioner.

### I.  BACKGROUND

Mr. Crawford filed a claim for disability insurance benefits and Supplemental Security Income benefits on May 24, 2012. He alleges a disability onset date of September 1, 2010. On November 8, 2013, an administrative law judge ("ALJ") issued an unfavorable decision ("November 2013 Decision") which concluded that Mr. Crawford was not under a disability for the period from September 1, 2010, through the date of the ALJ's decision. After the Appeals Council denied his request for review, Mr. Crawford appealed to this Court.

On May 26, 2016, Judge Krieger issued a ruling ("May 2016 Ruling") that reversed the decision of the ALJ and remanded the case for further proceedings. (Doc. # 11-9 at 335–61.)[1] Judge Krieger summarized the facts of this case as follows:

> [Mr. Crawford] was 59 years old at the time of the [ALJ's] decision. His past work has been as a document preparer for the United States Census. And the parties have no dispute with the [ALJ's] determination based upon the testimony of the vocational expert that that job had a DOT designation of 249.587-18, it was sedentary and unskilled.
>
> The record in this case shows that [Mr. Crawford] did not have any medical treatment before July 2013, even though he complained of a severe impairment due to low back pain. He obtained his first treatment for back pain from Timothy Hirsch, a physician's assistant, in June of 2013. Mr. Hirsch ordered an MRI of [Mr. Crawford's] lumbar spine, which was done on July 12, 2013. At the L4-L5 level, the MRI showed a disk bulge, posterior central broad-based disk herniation, ligamentum flavum hypertrophy and facet arthropathy causing mild central canal stenosis, mild left neural foraminal narrowing, and moderate right neural foraminal narrowing.
>
> The MRI also showed that at L5-S1 there was a grade one retrolisthesis, disk bulge, posterior central broad-based disk herniation, ligamentum, flavum hypertrophy, and facet arthropathy, causing moderate right and severe left neural foraminal narrowing, but no significant central canal stenosis.
>
> [Mr. Crawford] was examined by Michael A. Dallenbach on August 13, 2013. Dr. Dallenbach examined him, reviewed the MRI, took a medical history, and assessed [Mr. Crawford's] restrictions. **He limited [Mr. Crawford] to lifting of 10 pounds; sitting and standing for four hours each day, but only 15 to 20 minutes at a time; rare stooping and squatting; and never crawling or kneeling**. He also opined that **[Mr. Crawford] needed to lie down for 15 to 20 minutes approximately every four hours**, and he further opined that **[Mr. Crawford's] impairments had been at this level of severity for approximately nine months**.

---

[1] All the exhibits filed at Doc. # 11 constitute the Administrative Record in this matter. The Court cites to the docket number of the record (e.g., "Doc. # 11") and the page number from the Administrative Record (e.g., "at 335"). The page numbers are reflected in the lower right-hand corner of each page in the Administrative Record.

> Before [Mr. Crawford] obtained treatment for his back pain, he had filed his claim with the Social Security Administration, and he was required to attend a consultative examination with Dr. Moser. Dr. Tim Moser conducted that examination on September 29, 2012. There were no medical records for him to review, so his report is a function of his examination and history of [Mr. Crawford] and an X ray that was done on September 30, 2012 at his request.
>
> The X ray done in 2012, almost a year preceding the MRI, showed mild degenerative changes. And Dr. Moser opined that [Mr. Crawford] **could lift 50 pounds occasionally and 25 frequently; he could stand and walk for six hours a day; and he could sit, assume postures, manipulate, and tolerate environmental conditions without any limitations**.
>
> The commissioner also required [Mr. Crawford] to attend a consultative mental health examination on September 26, 2012. Again, there were no medical records for review, but Dr. Brett Valette, Ph.D., met with and examined [Mr. Crawford]. He diagnosed [Mr. Crawford] as suffering from dysthymia and chronic pain. And his report concluded with the following: ["]The main reason [Mr. Crawford] stopped working was his physical condition and his pain. But he just seems low energy, fatigued, and it seems like an effort for him to just be here. I think he has low-grade dysthymia. I mean, some of his depression is going to be normal, considering the situation he is in; and it also sounds like it's been an ongoing low-grade mild depression going on since childhood. But overall, his cognitive functioning is intact. His memory and understanding is intact. Concentration and persistence is probably moderately impaired because of sleep problems, pain, and his depression. Social interaction appears to be moderately impaired because of his mood and pain. Work limitations from a psychological perspective, I think if he was working, his mood would actually improve. His work limitations seem to be that they would be based on his medical condition and his pain, not his psychological condition.["]
>
> [Mr. Crawford] testified at the hearing in 2013 that he could only lift 10 pounds, that he can stand and walk for 20 minutes, that he could sit for 20 to 30 minutes, that he needed to lay down for an hour or so, and he testified that his back pain had been consistently getting worse.

(*Id.* at 337–40) (emphasis added).

In the November 2013 Decision, the ALJ attributed "great weight" to Dr. Moser's opinion and "little weight" to Dr. Dallenbach's opinion. (*Id.* at 318.) Thus, the ALJ concluded that Mr. Crawford had "the residual functional capacity ["RFC"] to perform the full range of light work as defined in 20 CFR 404.1567(b) and 416.967(b)." (*Id.* at 316.)

Judge Krieger determined that the ALJ "failed to articulate sufficiently the basis upon which he made the RFC determination for physical capabilities," and the ALJ "failed to explain and justify his reliance of Dr. Moser's opinion; and the reasons given for rejecting or limiting Dr. Dallenbach's opinion are not supported by substantial evidence or articulation." (*Id.* at 359.) Judge Krieger concluded that "[t]hese errors are reversible errors and require remand for a full determination . . . ." (*Id.*)

As a result, an ALJ held a second hearing in this case on October 4, 2017. (Doc. # 11-8 at 262.) The ALJ issued a decision on December 8, 2017 ("December 2017 Decision"), in which she concluded that Mr. Crawford was capable of performing some of the work he had done in the past, and therefore, he was not disabled. (*Id.* at 278.) In reaching her decision, the ALJ attributed "little weight" to Dr. Moser's opinion and "some weight" to Dr. Dallenbach's opinion. (*Id.* at 272–73.)

The Appeals Council denied Mr. Crawford's request for review. Therefore, the ALJ's December 2017 Decision became the final decision of the Commissioner. This appeal followed.

## II.     STANDARD OF REVIEW

When reviewing the Commissioner's decision, this Court is limited to determining "whether the findings are supported by substantial evidence and whether the Secretary

4

applied the correct legal standards." *Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Consol. Edison Co. of N.Y. v. NLRB*, 305 U.S. 197, 217 (1938). "[T]he **threshold for such evidentiary sufficiency is not high**." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019) (emphasis added). Substantial evidence is "more than a scintilla, but less than a preponderance." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Thus, a decision is not based on substantial evidence "if it is overwhelmed by other evidence in the record." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (internal quotation marks omitted).

In reviewing the record to make the substantial evidence determination, the Court "may not reweigh the evidence nor substitute [its] judgment for the Secretary's." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994). In addition, the Court "may not displace the agency's choice between two fairly conflicting views, even though the [C]ourt would justifiably have made a different choice had the matter been before it de novo." *Lax*, 489 F.3d at 1084 (quotation marks and citation omitted). Also, the Court "defer[s] to the ALJ on matters involving the credibility of witnesses." *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994).

Additionally, "[f]ailure to apply the correct legal standard or to provide this [C]ourt with a sufficient basis to determine that appropriate legal principles have been followed is grounds for reversal." *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984); *see*

*also Thompson v. Sullivan*, 987 F.2d 1482, 1487 (10th Cir. 1993). "There are specific rules of law that must be followed in deciding whether evidence is substantial in these disability cases." *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

However, not every error in evaluating evidence or applying the correct legal standard warrants reversal or remand. "Courts may not reverse and remand for failure to comply with a regulation without first considering whether the error was harmless." *Bornette v. Barnhart*, 466 F. Supp. 2d 811, 816 (E.D. Tex. 2006); *see also Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (recognizing that the Tenth Circuit has "specifically applied [the principle of harmless error] in social security disability cases" and collecting cases). Harmless error exists where it is "inconceivable" that a different administrative conclusion would have been reached absent the error. *Frank v. Barnhart*, 326 F.3d 618, 622 (5th Cir. 2003).

### III.   DISCUSSION

### A.   THE DECEMBER 2017 DECISION IS NOT ADEQUATELY SUPPORTED

On remand, the ALJ did not remedy—or address—the errors that Judge Krieger identified. In fact, the ALJ's December 2017 Decision suffers from the same flaws that Judge Krieger noted with respect to the November 2013 Decision.

The Commissioner has a general burden, "in addition to discussing the evidence supporting her decision, to 'discuss the uncontroverted evidence [s]he chooses not to rely upon, as well as significantly probative evidence [s]he rejects.'" *Grogan v. Barnhart*, 399 F.3d 1257, 1266 (10th Cir. 2005) (quoting *Clifton v. Chater*, 79 F.3d 1007, 1010 (10th Cir. 1996)). Moreover, "[e]vidence is not substantial if it is overwhelmed by other

evidence in the record or constitutes mere conclusion." *Id.* at 1261–62. Relevant here, an ALJ's findings must be sufficiently specific to make clear to any subsequent reviewer the weight given to the treating source's or consulting source's medical opinion and the reason for that weight. *Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004). Accordingly, "it is more than merely 'helpful' for the ALJ to articulate reasons (e.g., lack of credibility) for crediting or rejecting particular sources. It is **absolutely essential** for meaningful appellate review." *Gonzales v. Saul*, No. 18-cv-02624-CMA, 2020 WL 1274493, at *3 (D. Colo. Mar. 17, 2020) (quoting *Zblewski v. Schweiker*, 732 F.2d 75, 79 (7th Cir. 1984)).

In the ALJ's December 2017 Decision, the ALJ indicated that she reduced the weight of Dr. Dallenbach's opinion for the following reasons:

> Although [Mr. Crawford's] knee and back impairments resulted in some limitations, the weight of the evidence . . . does not support such extreme limitations. At various times, [Mr. Crawford] demonstrated either a normal gait or antalgic gait. He reported improvement in his pain symptoms with medication. He also had very limited and conservative treatment for his impairments as of the date of his functional evaluation.

(Doc. # 11-8 at 273.) In her May 2016 Ruling, Judge Krieger noted, with respect to the November 2013 Decision, that the ALJ "[did not] demonstrate or explain what insufficiency there was in Dr. Dallenbach's findings." (Doc. # 11-9 at 351.) The same error exists in the December 2017 Decision.

Moreover, Judge Krieger rejected the conclusory proposition that Dr. Dallenbach's assessment was at odds with "the weight of the evidence." Specifically, Judge Krieger noted that Dr. Dallenbach's findings were consistent with Mr. Hirsch's examinations as well as the MRI. (*Id.* at 352.) Judge Krieger also rejected the argument

7

that Mr. Crawford's treatment regimen was inconsistent with Dr. Dallenbach's opinion, noting in relying on such an argument, the ALJ "either misunderstood or mischaracterized the treatment regimen." (*Id.* at 353.)

It is evident that the ALJ's reasons for limiting Dr. Dallenbach's opinion in the December 2017 Decision were virtually the same inadequate reasons that the Court rejected in 2016. Therefore, as it did in 2016, the Court concludes that the ALJ erred by failing to justify the reduced weight assigned to Dr. Dallenbach's opinion.

**B.   REMAND FOR AN AWARD OF BENEFITS IS WARRANTED**

"When a decision of the Secretary is reversed on appeal, it is within [a] court's discretion to remand either for further administrative proceedings or for an immediate award of benefits." *Hamby v. Astrue*, 260 F. App'x 108, 113 (10th Cir. 2008) (quoting *Ragland v. Shalala*, 992 F.2d 1056, 1060 (10th Cir. 1993)). "Some of the relevant factors [courts] consider are the length of time the matter has been pending and whether or not given the available evidence, remand for additional fact-finding would serve any useful purpose but would merely delay the receipt of benefits." *Id.* (quoting *Salazar v. Barnhart*, 468 F.3d 615, 626 (10th Cir. 2006) (remanding for an immediate award of benefits when **five years** had passed since the claimant filed an application for benefits).

Mr. Crawford applied for benefits **eight years ago**. It is undisputed that he suffers from a degenerative spine condition that has gotten progressively worse during the pendency of this case. Additionally, Dr. Dallenbach's uncontroverted opinion shows that Mr. Crawford is unable to perform even sedentary work, as he can only sit or stand

for four hours each day, but only 15 to 20 minutes at a time. Under the circumstances, the Court finds that remanding this case to the Commissioner would serve no useful purpose other than delaying Mr. Crawford's award of benefits even further.

## IV.    CONCLUSION

Based on the foregoing, it is ORDERED that this case is REVERSED AND REMANDED to the Commissioner for an immediate award of benefits to Mr. Crawford.

DATED: September 17, 2020

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge